UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**NEUBERT AERO CORPORATION,**

　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No: 5:20-cv-45-JSM-PRL

**STARSTONE NATIONAL
INSURANCE COMPANY, LONDON
AVIATION UNDERWRITERS, INC.
and SOUTHWEST AVIATION
GROUP OF ARIZONA, INC.,**

　　Defendants.

## ORDER

This declaratory judgment action arises out of an off-field emergency landing of a NIZR 1977 Cessna T337GP ("the Aircraft") by Timothy W. Neubert and whether the damages sustained by the Aircraft were covered by the subject insurance policy ("the Policy").[1] Central to Defendants' defense is its position that Neubert did not have the required pilot rating and qualifications under the Policy to pilot the Aircraft solo.

The Court previously granted Defendants' motion to dismiss, concluding that the Policy unambiguously requires that all pilots be certificated for the make and model of the aircraft being flown and rated for the flight involved. (Doc. 17). Because Plaintiff did not satisfy the Policy's requirements, the Court concluded that the Policy does not provide coverage for the damages to the Aircraft as a result of the Incident. On a motion for

---

[1] The subject Policy is StarStone Aircraft Insurance Policy Number SAV100311200 underwritten by London Aviation Underwriters, Inc.

reconsideration, the Court granted Plaintiff leave to amend in an abundance of caution if Plaintiff "can allege that Neubert had obtained the requisite multiengine rating and instrument rating for multiengine aircraft at the time of the [I]ncident." (Doc. 27). The Court further noted that if "Plaintiff cannot assert those allegations, Defendant will still be entitled to dismissal with prejudice." (Id.). In the Amended Complaint, Plaintiff alleges that Neubert "had a multi-engine rating for the type required by the FARs for the Aircraft, and instrument rating for multiengine aircraft." (Doc. 29, ¶ 42).

Defendants then filed a motion for summary judgment which the Court recently denied. (Doc. 93). The Court concluded that "at this stage of discovery, the record contains genuine issues of material fact as to whether Neubert satisfied the Policy's requirements to cover the damages to the Aircraft as a result of the Incident." (Doc. 93 at 9). The Court pointed to the following evidence:

> It is undisputed that Neubert's pilot certificate is for "airplane single engine land; instrument airplane" and that the Aircraft is a multiengine aircraft. Plaintiff admits that Neubert "had a single engine rating and a transitional multi-engine limited to center-line thrust rating for solo fight from an authorized instructor pursuant to 14 FAR. Section 61.31(d)(2)." (Doc. 57-3). Neubert received an endorsement in his pilot logbook from Certified Flight Instructor Nathan Gary, certifying that Neubert "received training to qualify for solo flying" and that he "meets the applicable requirements of 61.87e and is proficient to make solo flights in a C-337P." But, records from the FAA's Department of Transportation pertaining to an investigation of the Incident state that Neubert was "engaged in multi-engine training but the endorsements he held were not sufficient for the type of flying he had been conducting" and that he was "not rated for aircraft." (Doc. 89- 1, p. 5).

The Court explained that it required "additional information pertaining to the FAA's conclusion that Neubert was not rated for the aircraft, in light of the endorsement Neubert received from his certified flight instructor." (Doc. 93 at 9 & n. 4).

At issue now is Defendants' motion to compel discovery from Plaintiff related to the Incident, Neubert's certification, and the FAA's subsequent enforcement action against Neubert and his ensuing 60-day suspension. (Doc. 83).[2] After failed attempts to get Neubert's airman certification records via Freedom of Information Act ("FOIA") requests,[3] London Aviation Underwriters, Inc. served interrogatories and requests for production on Plaintiff. Specifically, Request No. 25 seeks Neubert's responses to the FAA's requests for information relating to his pilot ratings; Request No. 26 seeks communications with the FAA relating to the subject incident; Request No. 28 seeks documents submitted to the FAA relating to the Subject Incident; Request No. 30. seeks documents relating to any FAA enforcement or certificate actions regarding Neubert, including without limitation, notices of any such actions and Neubert's responses thereto; Interrogatory No. 6 seeks information relating to Neubert's communications with the FAA relating to the subject incident; and Interrogatory No. 13. Seeks information relating to the enforcement action(s) of the FAA against Neubert in the last five (5) years.

Plaintiff objected to requests for production relating to communicating with the FAA because all information transmitted via such communications was "communicated between lawyers, is the subject of confidential resolution discussions, subject to a confidentiality agreement, and because such information is not relevant to any claim or defense," and it is "protected by the attorney-client and work-product privileges." (Doc. 83-8 at 6-8). Likewise,

---

[2] The FAA initiated an enforcement action against Neubert and ultimately suspended his pilot's certificate for 60 days. (Doc. 83-1). The FAA's "Enforcement Data" report cited three regulations—presumably which were violated—14 CFR § 61.3 (Requirement for certificates, ratings,, and authorizations); § 91.103 (Preflight action), and § 91.151 (fuel requirements for flight in VFR conditions).

with respect to interrogatories, Plaintiff objected on grounds that communications with the FAA during its investigation of the Incident and confidential settlement discussions are "confidential, subject to a confidentiality agreement, and . . . not relevant to the issues in this suit or admissible," and that it would be overbroad and unduly burdensome to list and describe all communications. (Doc. 83-9 at 5-6).

Plaintiff's objections are overruled. Given a review of the record and the Court's ruling on summary judgment, there can be no dispute that records regarding the Incident, the FAA's enforcement action and ultimate suspension of Neubert, as well as Neubert's qualifications and certifications are directly relevant and discoverable in this matter. Plaintiff's arguments to the contrary are unavailing. Of course, whether those records will ultimately be admissible at trial is yet to be determined.

Defendants make clear in their reply that the requested documents are sought from Plaintiff, and not from the FAA. Doc. 94 at 4. Accordingly, Plaintiff's arguments regarding the FAA's conditions of disclosure pursuant to 49 CFR § 10.35(a) and the Privacy Act of 1974, 5 U.S.C. § 552a(b) are inapplicable.

With respect to claims of privilege, Plaintiff's privilege log identifies only two documents—a June 26, 2020 Order of Suspension issued by the FAA and a Settlement Agreement between the FAA and Neubert regarding the enforcement action—both of which it claims are attorney-client communications, work product, and in anticipation of litigation. (Doc. 94-1).[4] However, the Order of Suspension and the Settlement Agreement are between the FAA and Neubert and thus, are not privileged communications between Neubert and his

---

[4] Plaintiff also claims a fourth privilege "A," but fails to define it in the privilege log.

attorney. Nor are they work product. Plaintiff fails to offer any explanation as to how an order of the FAA or an agreement with the FAA are prepared in anticipation of litigation or for trial. And if the Order or the Settlement Agreement are subject to a confidentiality agreement, Defendants have agreed to stipulate to a protective order to limit the use of the documents for purposes of only this proceeding and to seek leave to file such "confidential" documents under seal. Finally, to the extent Plaintiff is attempting to claim privilege as to any other documents, it has failed to preserve such objection by not including it in the privilege log.

Accordingly, Defendants' motion to compel (Doc. 83) is **GRANTED.** Within **ten days** of this Order, Plaintiff shall provide to Defendants full and complete responses to the disputed discovery requests and shall execute an FAA authorization to release Neubert's airman certification records.

**DONE** and **ORDERED** in Ocala, Florida on April 16, 2021.

*/s/ Lammens*
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties